### GUILFOYLE v. PIERCE.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

APPEAL—FAILURE TO FILE BOND—STAY.

If a party serves a notice of appeal to the court of appeals in due time, but fails to give an undertaking to perfect the appeal, the notice can only be made effectual, if at all, by securing permission under Code Civ. Proc. § 1303, to supply the omission; and, until this is done, no stay can be obtained, under section 1331, relating to appeals from certain judgments concerning real property, which applies only where a perfected appeal has been taken.

Appeal from special term.

Action by James F. Guilfoyle against Catherine E. Pierce. From so much of an order as stays the proceedings of defendant and another pending an appeal, and permits plaintiff to perfect said appeal and stay proceedings on filing an undertaking, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

T. M. Tyng, for appellant.
Franklin Bien, for respondent.

RUMSEY, J. The judgment of the special term in this case was affirmed by this court on the 11th of May, 1896, and a copy of the judgment of affirmance, with notice of its entry, was served on that day; so that the time for the appellant to appeal to the court of appeals expired on the 11th of May, 1897. The appeal was taken to the court of appeals on the 5th day of June, 1896, but no undertaking to perfect the appeal was ever given. In May, 1897, this motion was made for a stay of proceedings pending the appeal to the court of appeals, and such a stay was granted upon the giving of a bond in the sum of $1,500; and from so much of the order this appeal is taken.

No undertaking having been given upon the appeal to the court of appeals, the notice of appeal was not effectual for any purpose. Code Civ. Proc. § 1326. It can only be made effectual, if at all, under the provisions of section 1303 of the Code. Until the court has permitted the defendant to perfect the appeal by the service of an undertaking, there is no power in this court to stay the proceedings upon appeal, because there is no appeal pending. Architectural Iron Works v. City of Brooklyn, 85 N. Y. 652. The appeal given by section 1331 of the Code, under which this order was made, does not exist until a perfected appeal has been taken, by virtue of which the case may be heard in the appellate court. As that has not been done here, the order was erroneous; and so much of the order as is appealed from is reversed, with $10 costs and printing disbursements, and so much of the motion denied, with $10 costs. All concur.